*Kinney, Ballou & McClanahan* for the defendant.

---

E. A. HORAN *v.* SANFORD B. DOLE as President, J. A. KING, as Minister of the Interior and J. F. BROWN as Agent of Public Lands, of the Republic of Hawaii.

ORIGINAL.

SUBMITTED SEPTEMBER 22, 1899.    DECIDED OCTOBER 18, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE OF JUDD, C.J., ABSENT.

Section 76 of the Land Act, 1895, which permits a holder of an Olaa Crown Land lease covering less than 200 acres to obtain a patent for that and additional land, in all not exceeding 200 acres, upon the improvement of 30 acres thereof and other conditions, does not permit one who has obtained a patent for the entire area covered by his lease to obtain a patent for additional land after the termination of his lease and in consequence of improvements made thereon after the termination of his lease and his acquisition of the fee.

OPINION OF THE COURT BY FREAR, J.

This is a submission upon an agreed statement of facts under Sections 1255-1258 of the Civil Laws.

The material facts agreed upon are these: The plaintiff E. A. Horan, at the date of the enactment of the Land Act, 1895, was the holder of a lease from the Commissioners of Crown Lands of Lot 284, containing 47.25 acres, in the Ahupuaa of Olaa, Dis-

trict of Puna, Island of Hawaii; in 1896, under the provisions of Part IX of the Land Act, he applied for the said lot in fee, representing that he had fifteen per cent. of the lot under cultivation with coffee, fruit, field or garden crops and had improvements of house and extra cultivation thereon of the value of $200 in addition to the said fifteen per cent.; the Sub-Agent of Public Lands for the District found that there were about ten acres under cultivation and that the house was of the value of $150; the application was accepted and in due time a Patent was issued to Horan for the lot; Horan has continued to live on the lot to the present time and now has the entire area under cultivation and has improvements thereon valued at $2,400 and has expended thereon $9,000; he has now applied for an additional 150 acres, namely, Lots 107, 108 and 109, in the new Olaa Survey, but his application has been denied by the defendants. He contends that he has a right under said Part IX of the Land Act to purchase these additional lots at their appraised value and asks that the defendants be ordered to issue to him a patent for the same on receipt of the appraised value.

The decision of the case depends upon the construction of Section 76 of the said Land Act (Civ. L. Sec. 260) the portion of which material to this case is as follows:

"Section 76. Any person holding land individually or in conjunction with others, situate in the Ahupuaa of Olaa, District of Puna, on the island of Hawaii, under a lease from the Commissioners of Crown Lands (not reserving rent for the first three or five years of such lease), shall at any time after the first payment of rent, which is hereby reduced for such leases to one dollar per acre annually in the case of all leases reserving a larger amount, upon the improvement of not less than fifteen per cent. of the area of the land to be patented, to the satisfaction of the Commissioner, which improvements shall include the bona fide cultivation of coffee or fruit, field or garden crops, or all or any of such crops, and payment to the Commissioners of the unimproved value of the premises to be patented according to the appraisement stated in Sec. 79, be entitled to receive from the Government a Land Patent for any portion of his leased premises in one parcel within two hundred acres in extent and including such improved portion, if all the conditions of such lease to be performed by

such lessee up to such time, shall have been substantially performed.

"Provided, however, that condition five of such lease for the purpose of making such lease good, shall be deemed to have been substantially performed when improvements or cultivation shall have been made on such premises to the aggregate value of two hundred dollars. No Land Patent, however, shall be issued for any portion of said premises until improvements or cultivation to the extent of two hundred dollars in addition to the fifteen per cent. above named shall have been shown to have been made.

"Any such person as aforesaid whose lease covers less than two hundred acres of land and who has improved not less than thirty acres thereof, shall upon fulfilling the above mentioned requirements, have the privilege of purchasing an additional area according to the appraisement stated in Sec. 79, provided the aggregate acreage of his holding shall not exceed two hundred acres. * * * "

This section provides for two classes of cases: (1) A person holding an Olaa crown land lease *of whatever area* may obtain a patent for such portion of *the same land,* as shall have no more than an area of which the *cultivated* part is *fifteen per cent.,* but which shall not exceed two hundred acres in all, and (2) any such person whose lease covers *less than two hundred acres* may obtain a patent for the *same and additional land,* in all not to exceed two hundred acres, provided he has *improved* not less than *thirty acres* thereof (fifteen per cent. of two hundred acres).

The plaintiff applied for and obtained his patent under the first part of the section. This is shown by the fact that he stated in his application that he had fifteen per cent. of his lot of 47.25 acres under cultivation and that the Sub-Agent of Public Lands found that he had about ten acres under cultivation. He could not have applied under the second part of the section unless he had thirty acres under cultivation. Having obtained a patent for all the land covered by his lease under the first part of the section he now seeks to obtain a patent of additional land under the second part of the section.

When he obtained his patent for the whole of the land covered by the lease, the lease terminated. In such case the lease would naturally merge in the patent, and that it would become merged

seems to have been contemplated as shown by the clause in Section 78 (Civ. L. Sec. 262) which provides: "The premises thus sought to be patented shall, from the date of such application accompanied by one-fourth of the purchase price, be free from the stipulations of such Crown Lease, which shall, however, remain in full force as to the remainder of the premises described therein." Since the application and patent covered the entire premises in this case, the entire premises became free from the stipulations of the lease and there was no remainder of the premises as to which the lease could remain in force.

The question, then, is whether a person who has once exercised his right and who has obtained a patent for the whole of the land covered by his lease under the first part of the section may exercise his right a second time and under the second part of the section. We need not decide whether a person may first exercise his right under one part of the section and then under the other part or whether he may exercise his right more than once under either part in case he should not obtain a patent for the whole 200 acres on his first application, for in our opinion he can exercise his right only so long as he holds a Crown Land lease and it appears in this case that the applicant has no such lease, it having terminated upon his obtaining his patent for the whole land covered by the lease.

The statute does not, as contended on behalf of the plaintiff, confer an absolute right to obtain a patent upon a person holding a lease at the date of the Act irrespective of whether he holds the lease at the date of his application for the patent. If that were so the holder at the date of the Act could obtain a patent even though he might have assigned his lease prior to his application for the patent and his assignee, the holder of the lease, could not obtain a patent; or he could obtain a patent even though he had surrendered his lease before his application for the patent— which the applicant has practically done in this case by accepting a title in fee simple. The statute clearly confers the right upon only those who hold at the date of their application leases in existence at the date of the statute. It says in the first part of the section: "Any person holding land under a lease," not "any

person who has held land under a lease"; and in the second part of the section: "Any such person as aforesaid whose lease covers" &c.; and the language of the section throughout bears out this construction. It does not say that a person having a lease of fifty acres may cultivate ten acres and then surrender his lease and obtain a fee simple title for the whole lot and then cultivate thirty acres of his own land thus obtained and held in fee simple and then obtain a patent for one hundred and fifty acres more.

This construction is entirely consistent with the decisions in *Webster v. Luther*, 163 U. S. 337, and other cases relied on for the plaintiff, which held that Sections 2,304 and 2,306 of the United States Revised Statutes conferred upon certain soldiers and others an absolute assignable right to acquire additional lands. Similarly, it might be held under our statute that a person who came within the terms of the statute acquired an absolute right to obtain additional land which right would pass with an assignment of the lease. But it could not be held that one who did not come within the terms of the statute had such right. The statute confers the right upon only those holding land under leases and who have improved the required area of the leased premises. In this case the applicant does not hold a Crown Land Lease and he has not improved the required area of land held under such a lease. As a basis for his present application he has shown merely that he has a fee simple in his own right and that he has improved only the land so held in fee, although he once held the land under lease—before he made the improvements and before he made his present application.

Judgment is ordered for the defendants.

*Le Blond & Galbraith* and *Cathcart & Parke* for the plaintiff. *Attorney-General H. E. Cooper* for the defendants.